BURGER, MEYER & D'ANGELO, LLP

**Tabetha A. Martinez, Esq.**
Nevada Bar No. 14237
**Curtis R. Rawlings, Esq.**
Nevada Bar No.: 6790
**BURGER, MEYER & D'ANGELO, LLP**
725 S 8th Street, Suite 200
Las Vegas, NV 89101
**MAILING ADDRESS:**
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
Telephone: (949) 427-1888
Facsimile: (949) 427-1889
Email: tmartinez@burgermeyer.com
crawlings@burgermeyer.com

Attorneys for Defendant
*Walmart Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID J. FEENEY, Individually and as Successor-in-Interest to CHRISTINE E. FEENEY, deceased; JOHN FEENEY,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCK DRUG COMPANY, INC.; SAFEWAY INC.; WALMART INC.; DOES I-100, inclusive;<br><br>Defendants. | Case No.: 2:26-cv-02640-RFB-BNW |

**DEFENDANT, WALMART INC.'S JOINDER TO CO-DEFENDANT SAFEWAY INC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant, Walmart Inc. (hereinafter "Walmart"), by and through counsel of record hereby respectfully submits the following Joinder to Co-Defendant, Safeway's Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities filed August 27, 2026 (hereinafter "Joinder").

///

By this Joinder to Safeway's Motion to Dismiss, Walmart incorporates, by this reference, Safeway's Motion in its entirety including all exhibits attached thereto, as if fully set forth herein. The arguments, authorities, and requested relief in Safeway's Motion are equally applicable to Walmart.

DATED this 3rd day of September, 2026.

**BURGER, MEYER & D'ANGELO, LLP**

*/s/ Curtis Rawlings*

CURTIS R. RAWLINGS, ESQ.
Nevada Bar No. 6790
725 S 8th Street, Suite 200
Las Vegas, NV 89101
Attorneys for Defendant
*Walmart Inc.*

**POINTS AND AUTHORITIES**

As referenced in Safeway's motion, Plaintiff's Complaint also seeks to hold Walmart liable for conduct by cosmetic talc manufacturers, trade-association members, and mining companies without alleging any specific facts connecting Walmart to the alleged misconduct. Like Safeway, Walmart is not listed in or referenced by Plaintiff as a participant at CTFA meetings quoted in the Complaint or as set forth in Safeway's Exhibits attached to the underlying Motion. Plaintiff's Complaint also makes no allegations that Walmart was involved in any misstatements by the CTFA members to consumers and to the FDA.

Like Safeway, the Complaint "fails to allege any particularized facts" as to Walmart in "relation to any asbestos or asbestos-containing products, Decedent's alleged exposure thereto, [Walmart's] purported knowledge of any dangers associated therewith, and [Walmart's] claimed misrepresentation or concealment of said dangers." Rather, the Complaint asserts only general, non-specific allegations against all Defendants.



BURGER, MEYER & D'ANGELO, LLP

Plaintiffs' Complaint also does not attempt to identify any Walmart-specific statements upon which decedent relied. As the Motion references, Plaintiffs refer to dozens of CTFA memoranda, letters, and meeting summaries which confirm also that Walmart was not a CTFA member or a participant in the Talc Subcommittee despite the fact that many other companies were identified as participants by name.

Plaintiffs likewise fail to plead facts against Walmart to support the punitive damages claim. No Walmart-specific facts are alleged that Walmart somehow acted in a willful, wanton, and malicious manner toward Plaintiffs or with reckless disregard. Without these specific allegations, the punitive damages claim fails.

As Safeway sets forth in its Motion, Walmart repeats that Plaintiffs have alleged no facts showing that Walmart had knowledge that cosmetic talcum powder was allegedly contaminated with asbestos, that it made any misrepresentations about the safety of the product, that it concealed material information from consumers, or that it acted with conscious disregard for the rights and safety of others. Likewise, the Complaint does not allege that Walmart participated in CTFA, attended meetings concerning safety, received testing data, or took any action beyond selling products on its grocery shelves.

For the reasons set forth in Safeway's Motion and the instant Joinder, Walmart respectfully requests that this Court dismiss Plaintiffs' claims against Walmart with prejudice.

DATED this 3rd day of September, 2026.

**BURGER, MEYER & D'ANGELO, LLP**

*/s/ Curtis Rawlings*
By:______________________________
CURTIS R. RAWLINGS, ESQ.
Nevada Bar No. 6790
725 S 8th Street, Suite 200
Las Vegas, NV 89101
Attorney for Defendant
*Walmart Inc.*

BURGER, MEYER & D'ANGELO, LLP

## CERTIFICATE OF SERVICE

I hereby certify that on the _3rd_ day of September, 2026, I served a true and correct copy of the foregoing DEFENDANT, WALMART INC.'S JOINDER TO CO-DEFENDANT SAFEWAY INC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES by CM/ECF, addressed as follows

Lawrence Mittin, Esq.
lmittin@cpklaw.com
*Attorney for Plaintiffs*

Shreya Chaudhary, Esq.
*Co-counsel for Plaintiffs*

Jack P. Burden, Esq.
jburden@backuslaw.com
*Attorney for Safeway, Inc.*

/s/ *Shirley Martinez*
______________________________
An employee of
**BURGER, MEYER & D'ANGELO, LLP**