**Tabetha A. Martinez, Esq.**
Nevada Bar No. 14237
**Curtis R. Rawlings, Esq.**
Nevada Bar No.: 6790
**BURGER, MEYER & D'ANGELO, LLP**
725 S 8th Street, Suite 200
Las Vegas, NV 89101
**MAILING ADDRESS:**
999 Corporate Dr., Suite 225
Ladera Ranch, CA 92694
Telephone: (949) 427-1888
Facsimile: (949) 427-1889
Email: tmartinez@burgermeyer.com
crawlings@burgermeyer.com

Attorneys for Defendant
*Walmart, Inc.*

BURGER, MEYER & D'ANGELO, LLP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID J. FEENEY, Individually and as Successor-in-Interest to CHRISTINE E. FEENEY, deceased; JOHN FEENEY,<br><br>Plaintiff,<br><br>vs.<br><br>BLOCK DRUG COMPANY, INC.; SAFEWAY INC.; WALMART INC.; DOES I-100, inclusive;<br><br>Defendants. | Case No.: 2:26-cv-02640-RFB-BNW |

**DEFENDANT, WALMART INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT SAFEWAY INC'S MOTION TO DISMISS**

Defendant, Walmart Inc. (hereinafter "Walmart"), by and through counsel of record hereby

///

///

///

///

///

respectfully submits the following Reply to Plaintiffs' Opposition to Defendant Safeway Inc's Motion to Dismiss.

DATED this 17th day of September, 2026.

**BURGER, MEYER & D'ANGELO, LLP**

*/s/ Curtis Rawlings*

CURTIS R. RAWLINGS, ESQ.
Nevada Bar No. 6790
725 S 8th Street, Suite 200
Las Vegas, NV 89101
Attorneys for Defendant
*Walmart, Inc.*

**POINTS AND AUTHORITIES**

Plaintiffs argue that Safeway selected limited CTFA exhibits to illustrate that no reference is made in those exhibits to establish Safeway's attendance or participation in the "alleged industry-wide scheme by members of the Cosmetic, Toiletry, and Fragrance Association ("CTFA") to defraud members of the public and FDA regarding the safety of talc…," and that those exhibits illustrate only a fraction of the CTFA exhibits available. Walmart also asserted in its Joinder that those CTFA exhibits made no reference to Walmart's participation nor did Plaintiffs allege any specific fact to suggest that Defendants had engaged in such activities. Had any CTFA exhibits existed connecting Defendants to CTFA meetings or establishing Defendant's participation and understanding of dangers involved with these products before they were placed on the shelf for sale, Plaintiffs had a duty to attach, at least, one of those specific documents to link Defendants to the alleged industry-wide scheme. But Plaintiffs make no such disclosure, nor do they allege any specific fact linking Defendants to any participation or wrongdoing set forth in the Complaint. By failing to do so, Plaintiffs' Complaint fails because it does not establish factual specificity linking Defendants to any claim as opposed to merely providing conclusions or conclusory allegations that are insufficient to provide Defendants fair notice.



BURGER, MEYER & D'ANGELO, LLP

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Here, Plaintiffs provide only labels and conclusions. They allege no facts that, if true, would support any cause of action. Not a single fact in the Complaint connects either Defendant to alleged misconduct. Claiming that additional CTFA documentation exists that *might* reference Defendants is insufficient. Plaintiffs write in their Opposition that "the Court should not resolve those factual questions by accepting Safeway's preferred inferences over the allegations of the Complaint." However, Defendants are entitled to more than vague conclusory allegations in the Complaint that fail to link Defendants to the claimed wrongful conduct.

Next, Plaintiffs argue that the Complaint sets forth a "detailed alleged scheme to conceal asbestos-related hazards from consumers and government agencies, identifies the relevant products and resulting harm, and alleges that Defendants participated in and supported the relevant industry organization." (Opposition; 2:5-8). But these assertions constitute the very definition of vague and conclusionary allegations and are "not enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true." Twombly, 550 U.S. 544,545. Plaintiffs failed to allege a single specific fact to support that Defendants actually "participated" in this "detailed alleged scheme." Defendants are entitled to more than such vague conclusory allegations.

Plaintiffs set forth the legal standard correctly. Rule 8 and 12(b)(6) require "factual plausibility, not proof." Plaintiffs do not establish factual plausibility that would link Walmart to the alleged scheme because they do not allege any fact that suggests Walmart's actual participation in the scheme or establish knowledge that any product that Walmart placed on its shelf was known to present a safety hazard.



BURGER, MEYER & D'ANGELO, LLP

BURGER, MEYER & D'ANGELO, LLP

Plaintiffs next focus upon excluding Safeway's Exhibits A through C based upon an argument that Safeway seeks a *finding* that the exhibits prove that Safeway could not have participated in the "alleged wrong" because the selective and incomplete documents fail to list Safeway as a participant. However, these exhibits merely illustrate Plaintiffs' failure to provide any factual specificity linking Defendants to the alleged wrong. Not even the few documents illustrating various attendees at the CTFA meetings include Defendants herein and Plaintiffs provides no such documents or other specific allegations that Defendants did attend or participate in the wrongs that allegedly occurred. The exhibits merely emphasize Plaintiffs' failure to plead any specific fact that links Defendants; instead, the allegations are mere generalizations.

As set forth in Twombly, 550 U.S. 544, 545, "asking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" whatever wrong is alleged in the Complaint. Here, Plaintiffs provide no plausible grounds that suggest a *reasonable* expectation that discovery will reveal that Defendants committed any wrongdoing. This failure applies to all causes of action set forth in the Complaint.

As Safeway stated in its underlying motion at pg. 19: "The Complaint here pleads no facts showing that Safeway: (1) had knowledge that cosmetic talcum power was contaminated with asbestos; (2) made any misrepresentations about the safety of talc products; (3) concealed material information from consumers; or (4) acted with conscious disregard of the rights and safety of others. The Complaint does not allege that Safeway participated in the CTFA, attended any meetings concerning talc safety, received any testing data, or took any action beyond selling products on its grocery shelves." The Complaint likewise pleads no such facts pertaining to Walmart.

///

///

For the reasons set forth in Safeway's Motion and Walmart's Joinder, Walmart respectfully requests that this Court also dismiss Plaintiffs' claims against Walmart with prejudice.

DATED this 17th day of September, 2026.

**BURGER, MEYER & D'ANGELO, LLP**

*/s/ Curtis Rawlings*
By:______________________________
CURTIS R. RAWLINGS, ESQ.
Nevada Bar No. 6790
725 S 8th Street, Suite 200
Las Vegas, NV 89101
Attorney for Defendant
*Walmart, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of September, 2026, I served a true and correct copy of the foregoing DEFENDANT, WALMART INC.'S, REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT SAFEWAY INC'S MOTION TO DISMISS, addressed as follows

Lawrence Mittin, Esq.
lmittin@cpklaw.com
*Attorney for Plaintiffs*

Shreya Chaudhary, Esq.
*Co-counsel for Plaintiffs*

Jack P. Burden, Esq.
jburden@backuslaw.com
*Attorney for Safeway, Inc.*

/s/ *Shirley Martinez*
______________________________
An employee of
**BURGER, MEYER & D'ANGELO, LLP**



BURGER, MEYER & D'ANGELO, LLP